UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH HARTSOCK,

    Plaintiff,

    v.　　　　　　　　　　　　　　　CAUSE NO. 3:21-CV-326-JD-MGG

IDOC, et al.,

    Defendants.

OPINION AND ORDER

Joseph Hartsock, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. ECF 2 and 4. However, a prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Hartsock has three strikes.[1]

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be real

---

[1] *Hartsock v. Cade*, 1:01-CV-004, dismissed for failure to state a claim on February 12, 2001; *Hartsock v. Cade*, 1:01-CV-071, dismissed for failure to state a claim on March 16, 2001; and *Hartsock v. Herman*, 1:01-CV-238, dismissed for failure to state a claim on August 10, 2001.

and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Hartsock seeks compensatory and punitive damages based on allegations that he has been retaliated against in various ways for exercising his First Amendment rights, has been prevented from practicing his religion, has been denied a reasonable accommodation for his disability, and has been denied due process when being re-classified. Claims seeking money for past events do not plausibly allege that he is in imminent danger of serious physical injury.

In addition, Hartsock also seeks four types of injunctive relief. He asks for an order to be allowed to work six days a week with hospice patients. ECF 2 at 29. Being denied the ability to work with hospice patients does not place him in imminent danger of serious physical injury. He asks for an order preventing his transfer to another prison because that would moot his other injunctive relief claims. *Id*. Mooting his other injunctive relief claims due to a transfer has nothing to do with being in imminent danger of serious physical injury. He asks for an order re-instating him to the PLUS program. *Id*. Not being in the PLUS program does not place him in imminent danger of serious physical injury. Finally, he asks for an order requiring accommodation of his physical disability. *Id*. In some cases, such a request would implicate a question of imminent danger of serious physical injury, but not this case.

Here, Hartsock seeks an order allowing him "to wear his hat with prescription eyeglasses when he watches television [in the dayroom] or is in a classroom[2] setting." ECF 3 at 7. Not being able to watch television does not place him in imminent danger of serious physical injury. Neither does his inability to "see things six feet away in detail" in a classroom. ECF 31- at 2. He alleges he needs this accommodation because he has severe light sensitivity and has been issued a medical pass to wear sunglasses at all times. ECF 2 at 5. If he were not being permitted to wear sunglasses, that could raise concerns about whether he was in imminent danger of serious physical injury, but that is not the allegation. Here, he merely alleges he is unable to watch television or see details more than six feet away because he cannot wear his prescription glasses with his sunglasses and so needs a hat when he wears his prescription glasses.[3] His inability to watch television or see details more than six feet away are not genuine emergencies. Therefore, Hartsock may not proceed in forma pauperis.

Hartsock knows he is struck out. He has been told three times.[4] He knows he cannot proceed in forma pauperis unless he is in imminent danger of serious physical injury. Two of his cases were dismissed because he was not in imminent danger of serious physical injury and he did not pay the filing fee.[5]

---

[2] In his complaint, Hartsock alleges he is no longer in the PLUS program. ECF 2 at 24. As such, it is unclear whether he is in any classrooms.

[3] When he wears his prescription glasses he wears clip-on "sunglasses," but they do not block light from above so he wears a hat. However, prison rules prohibit hats in the dayroom and classrooms.

[4] *Hartsock v. Allen County Jail*, 1:04-cv-422 (N.D. Ind. filed November 12, 2004), ECF 10 and 14; *Hartsock v. Lt. Vachon*, 1:04-cv-473 (N.D. Ind. filed December 17, 2004), ECF 4.

[5] *Hartsock v. Allen County Jail*, 1:04-cv-422 (N.D. Ind. filed November 12, 2004), ECF 14; *Hartsock v. Lt. Vachon*, 1:04-cv-473 (N.D. Ind. filed December 17, 2004), ECF 6.

His claims in this case do not allege he is in imminent danger of serious physical injury. Neither his thirty page complaint nor the twelve pages related to his motion for preliminary injunction make any mention of either being "three struck" or being in imminent danger. Yet he sought leave to proceed in forma pauperis.

The Seventh Circuit requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Hartsock attempted to "bamboozle" the court by seeking to proceed in forma pauperis in this case when he is not in imminent danger of serious physical injury. Thus, this case will be dismissed, the filing fee assessed, and Hartsock restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment

or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) DENIES Joseph Hartsock leave to proceed in forma pauperis (ECF 4);

(3) ORDERS the plaintiff, **Joseph Hartsock, IDOC # 966460**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$402.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Joseph Hartsock (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(7) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on May 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT